IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ALLISON W. FARRAR, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CHASE CITY RESCUE SQUAD, INC. )<br>      Defendant. )<br>)<br>)<br>_____ ) | Civil Action No: 3:21-cv-808 |

## COMPLAINT

Plaintiff Allison W. Farrar, respectfully moves the Court for judgment against the Defendant, Chase City Rescue Squad, Inc., and as grounds therefore, states as follows:

## JURISDICTION AND VENUE

1. This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, and 42 U.S.C. § 12112, *et seq.*, the Americans with Disabilities Act ("ADA"), as applied, independently and with Va. Code § 51.5-1, the Virginians with Disabilities Act ("VDA"), and Virginia Code § 2.2-3011, the Whistleblowers Protection Act.

2. This Court has jurisdiction and venue, pursuant to 42 U.S.C. § 2000e, *et seq.*, 28 U.S.C. § 1343, 1337 and 1391(b), and § 12112, *et seq.*, *inter alia* and ancillary jurisdiction pursuant to 28 U.S.C. Sect. 1367, *et seq*, as to the Virginia Whistleblower Act.

3.     The Plaintiff, Allison Farrar, is a resident of this judicial district, residing in Chase City, Virginia.

4.     The Defendant, Chase City Rescue Squad (herein alternatively, "CCRS."), operates their local operations at 335 Mecklenburg Drive, Chase City, Virginia 23924, the site of Ms. Farrar's employment.

5.     At all times relevant to this action, the acts herein complained took place in this judicial district, and the Defendant was an "employer" engaged in commerce as defined by Title VII and was thereby subject to said laws.

6.     Plaintiff timely filed her charge of discrimination with The United States Equal Employment Opportunity Commission as required by law, received a Notice of Right to Sue dated September 30, 2021 (see Exhibit "A" attached), and files this action within ninety (90) days of her receipt of the Notice of Right to Sue letter, and more than sixty (60) days after filing her charge under the ADA.

## FACTS

7.     The Plaintiff is a 46-year-old citizen of the United States of America residing in Chase City, Virginia.

8.     At all relevant times, the Defendant was an employer, who employed the requisite statutory number of employees in Chase City, Virginia.

9. At all relevant times, the Plaintiff was employed by Defendant Chase City Rescue Squad as an "EMT." Plaintiff's employment with Defendant was terminated on March 30, 2020, after providing fourteen years of good and valuable services to CCRS in Chase City.

10. The Plaintiff sustained a work-related injury on or about January 4, 2020, and was qualified for Virginia Worker's Compensation benefits. CCRS regarded her as wholly or partially disabled from the workplace through March 25, 2020, the date of her last medical treatment, prior to her discharge by CCRS.

11. The employer recognized Plaintiff as a disabled worker during all pertinent times of the Complaint.

12. During this same time frame Plaintiff was responsible with others to make sure that all financial and business affairs of the Defendant were conducted in accordance with CCRS policy, and the laws of the Commonwealth.

13. On March 30, 2020, the President of CCRS, Bobby Lester, called Ms. Farrar and informed her that her employment with CCRS had been suspended and terminated.

14. Defendant's agents informed Plaintiff that the reasons for her suspension and termination were an allegation that she had complaints, unsigned, from co-workers.

15.   Defendant's agents informed Farrar that her actions created a hostile work environment.

16.   On March 17, 2020, Farrar and Richard McGhee made certain allegations involving financial mismanagement to CCRS representative, Katherine Keel, then its attorney.  Shortly after Farrar made these allegations, she was terminated.

17.   By information and belief, Farrar contends that her termination was without legal cause, based in whole or in part on her disability, or perceived disability.

18.   By information and belief, Farrar contends that she was terminated without legal cause, based in whole or in part on her reporting of financial improprieties and/or misconduct about CCRS practices.

19.   Farrar was without employment for an extended period until she was able to secure employment part-time in June 2020, with T.E. Baugh Convenience Store and full-time February 10, 2021, at Virginia Department of Health, Southside Health District. She had and continues to suffer substantial and ongoing wage loss and will incur wage loss for the foreseeable future.

### COUNT I – VDA Violation

20.   Farrar incorporates and restates the allegations in Paragraphs 1-19 as if they are repeated herein.

21.     Farrar was a qualified individual with a disability pursuant to Title II of the ADA and VDA and was perceived and treated as an individual with a disability during applicable periods.

22.     Farrar was discriminated against by being terminated from employment by CCRS on the basis of her disability or CCRS' perception of her as a disabled person.

23.     CCRS acted at all times with discriminatory intent when terminating Farrar from employment.

24.     Farrar is entitled to compensatory and special damages, attorney fees and all such other relief available by statute on the basis of CCRS's intentionally discriminatory conduct and termination of her employment on the basis of her disability.

## **COUNT II – Whistleblower/Retaliatory Discharge Violation**

25.     Farrar incorporates and restates the allegations in Paragraphs 20-24 as if they are repeated herein.

26.     Plaintiff was terminated March 30, 2020, after reporting financial mismanagement by CCRS, which retaliation and discriminatory actions taken against her by the Defendant were in violation of Virginia Code 2.2-3011, Virginia's Whistleblower Protection Act. Defendant's conduct was and is discriminatory and retaliatory, knowingly indifferent to Plaintiff's rights and interest to protect the financial

well-being of CCRS and its community, and which constitutes a recklessly indifferent, callous disregard of her statutory and protected right to report misconduct, including financial mismanagement.

27. The retaliatory discharge action taken by Defendant had, and will continue to have, an adverse economic impact on the Plaintiff.

28. As a direct and proximate result of Defendant's action, Plaintiff has suffered and will continue to suffer and incur pecuniary loss, non-pecuniary general, and special damages.

29. At all times relevant hereto, Defendant engaged in discriminatory and/or retaliatory practices with willful disregard all action by CCRS constituting malicious or reckless indifference to the legally protected rights of Plaintiff Farrar, so as to support an award of compensatory, general liquidated and/or punitive damages, and attorney fees.

## **CONCLUSION**

**WHEREFORE**, Plaintiff prays for judgment against the Defendant for equitable relief, reinstatement of benefits, compensatory, liquidated, and punitive damages in the amount of $450,000, pre-judgment interest, attorney's fees, costs and such other relief as may be just and equitable, and to which the evidence presented therein supports relief.

**TRIAL BY JURY IS DEMANDED.**

                              Allison W. Farrar

                              By: /s/Philip B. Baker_____
                                    Of Counsel

Philip B. Baker
VSB #: 23434
SANZONE & BAKER, LLP
valaw@sanzoneandbaker.com
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(800) 927-1565 (fax)
    *Counsel for Plaintiff*

## CERTIFICATE

I hereby certify that on the 28th day of December 2021, this Complaint was electronically filed with the Clerk of Court using the CM/ECF system and prepared for service on the Defendant.

                              /s/ Philip B. Baker_____

Philip B. Baker
VSB #: 23434
SANZONE & BAKER, LLP
valaw@sanzoneandbaker.com
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(800) 927-1565 (fax)
    *Counsel for Plaintiff*